McKinney, J.
delivered the opinion of the court.
The complainant seeks by this bill to obtain satisfaction of a judgment at law for sixty-se\en dollars and *542 sxity-five cents, recovered before a justice of the peace, against the defendant, Page, as principal, and one Cornelius Sheeks, as security. The complainant alleges that he caused an execution to be issued on said judgment, but the officer could find no property, either of the principal or security, upon which to levy the same; that both were insolvent. The bill further alleges, that the defendant, Page, was the holder of a note for one hundred and seventy~tw;o dollars, executed to him by the defendants, Henry and William C. Carter, due in December, 1847; and that Page had pledged said note to the defendant Adams, as collateral security for a debt of forty or fifty dollars due from the former to the latter.
An injunction was prayed for and granted, to restrain the negotiation, and payment of said note, out of which, after discharging the debt to Adams, the complainant prays to have satisfaction of said judgment.
The injunction was not issued for several weeks after the bill was filed; and in the interval, by the mutual consent of all the defendants, (but without knowledge of the filing of the bill, or of an injunction having been granted, as they allege in their answer,) said note was delivered back to the defendant, Page, discharged of the lien of Adams, and also of the lien of said Carters, for whose indemnity as sureties of Page to Adams for the debt above mentioned, it was also pledged to Adams, as stated in their answers.
In the proof, a copy of the execution referred to in the bill is set forth, with the return of the officer nulla bona. On the hearing, the chancellor decreed in favor of the complainant for the amount of said judgment against the defendants Page, Henry and William C. Carter, jointly; from which decree they appealed in error to this court.
*543 For the defendants, it has been assumed that the ground of jurisdiction in equity in this case, rests alone upon the act of 1832, ch. 11. Upon this assumption, it is argued that no decree can be made for complainant, for two reasons; first, because the bill does not aver upon its face that the execution had been returned “unsatisfied;” second, because the note having been delivered up to Page before service of the injunction, no lien attached upon said note or the money due thereon. And both these matters, it is insisted, go to the jurisdiction of the court to grant the relief prayed for.
We think the case depends upon well established principles of equity jurisprudence, with which the statute referred to has nothing to do. It may perhaps be true, that the case falls within the words of the statute; but it does not, belong to the class of cases for which that statute was designed to provide a remedy in equity, and for which, according to the adjudication of our courts, no remedy existed. Prior to the statute it had been held, that the ancillary jurisdiction of a court of equity extended no farther than to remove impediments which had been thrown in the way of the legal remedy, and not to furnish a new remedy or even to enlarge the legal remedy. If, therefore, the property were of such a nature that it could not be reached by an execution at law, a court of equity could not interpose, because it could only act in aid of legal process. To remedy the frequent and numerous hardships, and palpable injustice, resulting from this state of the law, the act of 1832, ch. 11, was passed, which confers a new jurisdiction on courts of equity, to subject stock, money, and other things in action, upon which the writ of fieri facias at law could not operate. But prior to the act of 1832, choses in action might be subjected at law by process *544 of garnishment. In the case under consideration it is clear that had the note in question remained in the hands of the defendant, Page, unencumbered by the lien created thereon, in consequence of the pledge to Adams, the complainant, by process of garnishment against the makers, could at law have subjected the money due upon said note to the satisfaction of his judgment. And this remedy being obstructed by the pledge, it is equally clear, upon the most familiar principles, that he had a right to come into equity to have the liens discharged, and the surplus of the fund appropriated to the payment of his judgment.
The objection that the bill does not show upon its face that the execution was returned, if available at any stage in the progress of the cause, could not be taken at the hearing. The principle applies to this case, that if the defendant submit to answer, without exception to the jurisdiction by demurrer or otherwise, he will not be heard to object to the jurisdiction on the hearing, unless the case made out in the pleadings and proof be unfit for the cognizance of a court of equity.
The surrender of the note by the pledgee, after the filing of the bill but before the service of the injunction, can have no effect whatever upon the complainant’s rights to relief in this case. The existing state of facts at the time of filing the bill, furnished a clear case for jurisdiction and relief. The issuance of an injunction was not necessary in order to give the complainant a locus standi in a court of equity. The fact that the legal interest in the note remained in the defendant, Page, and that the debt evidenced thereby remained due from the makers, was all that a court of equity deems essential in this case to entitle the complainant to relief.
*545 The question of champerty discussed by the defendants counsel, cannot arise in this cause. If the transfer of the note upon which the complainant’s judgment is founded were champertous, as between him and the assignor, this defence should have been made in the suit at law. Upon this point the defendants are concluded by the judgment at law.
The decree will be affirmed.